## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JUSTIN CODY WHEELER,

      Plaintiff,

vs.                                                                    No. CIV 18-0754 JB\GBW

FIFTH JUDICIAL DISTRICT COURT,
and FNU LNU,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Plaintiff's Prisoner's Civil Rights Complaint, filed August 7, 2018 (Doc. 1)("Complaint"). Plaintiff Justin Cody Wheeler is incarcerated and proceeding pro se. Because he has not complied with the Order to Cure and Denying Motion to Appoint Counsel, filed August 9, 2018 (Doc. 4)("Order to Cure"), the Court dismisses the case without prejudice.

## PROCEDURAL BACKGROUND

Wheeler filed his Complaint on August 7, 2018. See Complaint at 1. He alleges his state criminal sentence is excessive and illegal, and seeks punitive damages under 42 U.S.C. § 1983. See Complaint ¶¶ B-C, at 2. Wheeler also filed a Motion to Appoint Counsel, filed August 7, 2018 (Doc. 2), along with his Complaint. On August 8, 2018, the Court referred the matter to the Honorable Gregory Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order Reference Relating to Prisoner Cases, filed August 8, 2018 (Doc. 3).

Magistrate Judge Wormuth entered the Order to Cure on August 9, 2018. See Order to

Cure at 1. In the Order to Cure, Magistrate Judge Wormuth denied the Motion to Appoint Counsel and set a September 10, 2018, deadline for Wheeler to address the civil filing fee. See Order to Cure at 4. Wheeler had the option of prepaying the $400.00 civil filing fee for this action or, alternatively, submitting an application to proceed in forma pauperis. See Order to Cure at 1, 4. The Order to Cure warns that the failure to timely comply may result in dismissal of this action without further notice. See Order to Cure at 1.

Wheeler did not prepay the filing fee, submit an application to proceed in forma pauperis, show cause for his failure to comply, or otherwise respond to the Order to Cure.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

In light of Wheeler's failure to comply with, or respond to, the Order to Cure, the Court

will dismiss this case without prejudice pursuant to rule 41(b).  See Olsen v. Mapes, 333 F.3d at 1204.  If Wheeler still wishes to pursue his claims, he must file a new complaint along with the filing fee or an in forma pauperis motion.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner's Civil Rights Complaint, filed August 7, 2018 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Justin Cody Wheeler
Northwest New Mexico Correctional Center
Grants, New Mexico

　　*Plaintiff pro se*